(Judge Laubie of the Sixth Circuit sitting in place of Judge Hale.)

BERNHARD KUHN v. CLEVELAND (CITY).

1. INDIVIDUAL RIGHTS OF ABUTTER UPON PUBLIC GROUNDS BARRED BY LACHES.

The individual rights of an abutter upon a street or public grounds in a municipal corporation, to have the same kept open and free from obstruction to his light, and ingress and egress to his property, may be barred by the lapse of time.

2. ALLEGATIONS OF PETITION DETERMINE WHETHER SUIT IS BROUGHT ON BEHALF OF PUBLIC.

Whether an abutter brings suit for his own benefit alone, or in behalf of the public, will be determined from the allegations of his petition.

APPEAL from common pleas.

Riley & McQuigg, for plaintiff, cited:

Cragin v. Powell, 128 U. S. 691 [9 Sup. Ct. Rep. 203]; Fox v. Union Sugar Refinery, 109 Mass. 292; 19 Am. & Eng. Enc. Law (1 ed.) 302; Baker v. Johnston, 21 Mich. 335; State v. Railway Co. 13-23 O. C. C. 603, 609; Gleason v. Cleveland, 49 Ohio St. 431, 436 [31 N. E. Rep. 802]; Winslow v. Cincinnati, 9 Dec. 89, 101 (6 N. P. 47); Railway Co. v. Defiance, 52 Ohio St. 262, 306, 307 [40 N. E. Rep. 89]; Tiedeman, Mun. Corp. Secs. 222, 301, 312; State v. Woodward, 23 Vt. 92; State v. Atkinson, 24 Vt. 448; Fresno (City) v. Canal & Irr. Co. 32 Pac. Rep. 943 [98 Cal. 179]; Orlean (Vil.) v. Steyner, 135 N. Y. 341 [32 N. E. Rep. 9]; Taylor v. Railway Co. 83 Wis. 645 [53 N. W. Rep. 855]; Smith v. State, 23 N. J. Law 712; First German Reformed Church v. Summit Co. (Comrs.) 13-23 O. C. C. 553, 554; Sims v. Chattanooga, 70 Tenn. (2 Lea) 694; Commonwealth v. McDonald, 16 Serg. & R. (Pa.) 390; Penny Pat. Landing v. Philadelphia, 16 Pa. St. 79; Philadelphia v. Railway Co. 58

Pa. St. 253; Langley v. Gallipolis, 2 Ohio St. 107, 110; Commonwealth v. Bowman, 3 Pa. St. 202, 206; Methodist Episcopal Church (Tr.) v. Hoboken (City), 33 N. J. Law 1; Cincinnati v. White, 31 U. S. (6 Pet.) 430, 438; Jacksonville (City) v. Railway Co. 67 Ill. 540; Princeville (Vil.) v. Auten, 77 Ill. 325; Gleason v. Cleveland, 49 Ohio St. 431, 436; 31 N. E. Rep. 802; Brown v. Manning, 6 Ohio 298, 304; Le Clercq v. Gallipolis (Tr.), 7 Ohio (pt. 1) 217, 218, 221; Webb v. Moler, 8 Ohio 548, 552; Williams v. Presbyterian Soc. 1 Ohio St. 478, 497; Barclay v. Howell, 31 U. S. (6 Pet.) 498, 507; Warren v. Lyons (City), 22 Ia. 351, 355; Coffin v. Portland (City), 27 Fed. Rep. 412, 417; Price v. Thompson, 48 Mo. 361, 365; Abbott v. Mills, 3 Vt. 521; High, Injunctions Sec. 753; Bingham v. Doane, 9 Ohio 165; Little Miami Ry. Co. v. Naylor, 2 Ohio St. 235; Cincinnati & Spring Grove St. Ry. v. Cumminsville, 14 Ohio St. 523; Railway Co. v. Lawrence, 38 Ohio St. 41; Crawford v. Delaware (Vil.), 7 Ohio St. 459, 460; Callen v. Electric Light Co. 66 Ohio St. 166, 174 [64 N. E. Rep. 141]; Branahan v. Hotel Co. 39 Ohio St. 333, 334; Keating v. Cincinnati, 38 Ohio St. 141; Herrick v. Cleveland, 4 Circ. Dec. 684, 688 (7 R. 470); Lexington & O. Ry. Co. v. Applegate, 37 Ky. (7 Dana) 289, 294; Dillon, Mun. Corp. (3 ed.) Secs. 669, 674, 675; 16 Am. & Eng. Enc. Law 995; Mills v. Hall, 9 Wend. 315; Kellogg v. Thompson, 66 N. Y. 88, 92; Veazie v. Dwinel, 50 Me. 479; Wood, Nuisance (2 ed.) 724, 729; Rochester v. Erickson, 46 Barb. 92; Little Miami Ry. Co. v. Greene Co. (Comrs.) 31 Ohio St. 338, 349; Ham v. Common Council, 100 Ala. 199 [14 So. Rep. 9]; Webb v. Demopolis (City), 95 Ala. 116, 135 [13 So. Rep. 289; 21 L. R. A. 62]; Reed v. Birmingham, 92 Ala. 339, 348 [9 So. Rep. 161]; Oakland v. Water-Front Co. 118 Cal. 160 [50 Pac. Rep. 277]; Orena v. Santa Barbara, 91 Cal. 621 [28 Pac. Rep. 268]; Cheek v. Aurora (City), 92 Ind. 107; Elliott, Roads & Streets 490, 669; Almy v. Church, 18 R. I. 182 [26 Atl. Rep. 58]; Rowan v. Portland, 46 Ky. (7 Mon. B.) 232; Mowry v. Providence (City), 10 R. I. 52; Sullivan v. Tichenor, 179 Ill. 101 [53 N. E. Rep. 561]; Elster v. Springfield, 49 Ohio St. 82, 97, 98 [30 N. E. Rep. 274]; Chicago, R. I. & P. Ry. Co. v. Joliet, 79 Ill. 25; Lee v. Mound Station, 118 Ill. 304, 316 [8 N. E. Rep. 759]; Logan Co. (Supvrs.) v. Lincoln, 81 Ill. 156, 158; Quincy v. Jones, 76 Ill. 231; Alton v. Transportation Co. 12 Ill. 38 [52 Am. Dec. 479]; Wolfe v. Sullivan, 133 Ind. 331, 334 [32 N. E. Rep. 1017]; Waterloo (City) v. Union Mill Co. 72 Ia. 437, 439 [34 N. W. Rep. 197]; Calwell v. Boone, 51 Ia. 687 [2 N. W. Rep. 614]; Ogg v. Lansing, 35 Ia. 495; Clinton v. Railway Co. 24 Ia. 455; Columbia v. Railway Co. 1 Mackey 361; Cincinnati v. Presbyterian Church, 8 Ohio 298; Wright v. Oberlin, 13-23 O. C. C. 509, 515; Riddle

v. Whitehill, 135 U. S. 621, 634 [10 Sup. Ct. Rep. 924]; Speidel v. Henrici, 120 U. S. 377, 386 [7 Sup. Ct. Rep. 610]; Prevost v. Gratz, 19 U.'S. (6 Wheat.) 497; Lewis v. Hawkins, 90 U. S. (23 Wall.) 119, 126; Chicago & E. I. Ry. Co. v. Hay, 119 Ill. 493, 502 [10 N. E. Rep. 29]; Ellis v. Ward, 137 Ill. 509 [25 N. E. Rep. 530]; Bostwick v. Dickson, 65 Wis. 593 [26 N. W. Rep. 549]; Kutz's Appeal, 40 Pa. St. 90; Wilson v. Greene, 49 Ia. 251; Miles v. Thorne, 38 Cal. 335 [99 Am. Dec. 384 n.]; 27 Am. & Eng. Enc. Law (1 ed.) 100; Shelby v. Shelby, 3 Tenn. (Cooke) 179 [5 Am. Dec. 686]; McCarthy v. McCarthy, 74 Ala. 23; Decouche v. Savetier, 3 Johns. Ch. 190 [8 Am. Dec. 478]; Thomas v. White, 13 Ky. (3 Litt.) 177 [14 Am. Dec. 56]; Broder v. Conklin, 121 Cal. 282 [53 Pac. Rep. 699]; Dunn v. Wheeler, 86 Me. 238 [29 Atl. Rep. 985]; Edwards v. University, 1 Dev. & Bat. Eq. (N. C.) 325 [30 Am. Dec. 170]; Tiedeman, Mun. Corp. Sec. 222; Crockett v. Boston, 59 Mass. (5 Cush.) 182; Baker v. Johnston, 21 Mich. 319; Long v. Battle Creek, 39 Mich. 323; Nudd v. Powers, 136 Mass. 273, 277; Daggers v. Van Dyck, 37 N. J. Eq. 130, 137; Wollaston v. Tribe, L. R. 9 Eq. 44, 50; Adamson, Ex parte, L. R. 8 Ch. Div. 817; Gibbons v. Hoag, 95 Ill. 45, 69; Ridgway v. Newstead, 3 De Gex Fisher & Jones 474, 483.

Newton D. Baker, Estep, Payer, Addams and Carey, for defendant:

The use and beneficial purposes of a public square or common in a village or city, where no special limitation or use is prescribed by the terms of the dedication, are entirely different from those of a public highway. Such a place, thus dedicated to the public, may be improved and ornamented for pleasure ground and amusements, for recreation and health, or it may be used for public buildings and place for the transaction of the public business of the people of the village or city, or it may be used for purposes both of pleasure and business.

Where the words "public square" are used on the plat, this is an unrestricted dedication to public use. "Place," as used in plats of towns, is a French word, and means a public place surrounded by buildings, kept open for embellishment of the city, or the convenience of commerce. 2 Dillon, Mun. Corp. (3 ed.) 643.

A street or highway cannot be closed by the local authorities; but a public square or common in a town or city, where the dedication is general, and without special limitation or use, may be enclosed and improved or ornamented for recreation and health. But the place must, for the purposes of the dedication, remain free and common to the use of all the public. 2 Dillon, Mun. Corp. (3 ed.) 644.

In a controversy relating to a public square in Philadelphia, the court observed: When property is dedicated or transferred to public use, the use is indefinite and may vary according to the circumstances. The public being unable themselves to manage or attend to it, the care and improvement of it must devolve upon some local authority or body corporate as its guardian, who are, in the first place, to determine what use of it, from time to time, is best calculated for the public interest, subject, as charitable uses are, to the control of the lawn of the court in case of any abuse or misapplication of the trust. The corporation has not a right to these squares so as to be able to sell them or employ them in any way variant from the object for which they were designed. 2 Field's Lawyers' Briefs 575; Sargeant v. Cleveland, 4 Re. 213 (1 Clev. Law Rep. 122).

Land dedicated on the record of the town as public ground, is presumed to be intended for a public square if suitable for that purpose, in the absence of other explanatory evidence. Lebanon v. Warren Co. (Comrs.) 9 Ohio 80.

The inhabitants of a municipality constitute the public. Cincinnati, L. & N. Ry. Co. v. Cincinnati, 62 Ohio St. 465, 475, 476 [57 N. E. Rep. 229; 49 L. R. A. 566]. This definition holds in cases of dedication. Ward v. Davis, 3 Sandf. (N. Y.) 502.

The use of property for a fire engine house is a public use in the largest sense. Wheeler v. Cincinnati, 19 Ohio St. 19, 21; Western College v. Cleveland, 12 Ohio St. 375, 377; Dayton v. Pease, 4 Ohio St. 80, 99, 100; Gleason v. Cleveland, 49 Ohio St. 431, is clearly distinguishable from the case at bar.

This action must stand, if it may stand at all, not as one instituted by the plaintiff as a taxpayer on behalf of the public, but as one instituted by the plaintiff in his own behalf, for the reason that there is no averment in the petition that this action is brought on behalf of the corporation. In the absence of such averment, it has been held by the circuit courts of this state, that an action must stand solely as an assertion of the legal right and claim of the plaintiff. Hensly v. Hamilton, 2 Circ. Dec. (3 R. 201, 206); Harkness v. Schiely, 7 Circ. Dec. 108 (13 R. 177, 180).

## WINCH, J.

It appears from the pleadings and the agreed statement of facts in this case that in 1837 a large tract of land, which was then in Ohio City, was platted and subdivided into what is known as the Willeyville Allot-

ment, a map of which is recorded in Vol. 2 of maps, page sixteen, of Cuyahoga county records.

By the intersection of Lorain, Abbey and Brainard (now Gehring) streets, as shown on this plat, a triangle is formed and the triangular space at the center of the intersection of these streets, and not within the designated width of said streets, were the side lines thereof produced through this space, contains about one-eighth of an acre. No lines are drawn through this space; the only boundaries shown on the map are the outside lines of the three streets named. There are no monuments shown defining the corners of this inner triangle.

The certificate attached to the plat reads as follows:

"The name, bearing and width in feet of each street is entered within its respective lines. The width of each alley is entered with figures and within its respective line representing its width in feet and inches. The number of each lot is entered with red figures in the center of its respective lot, and the length of each lot line is entered with black figures upon its respective line representing its length in feet and inches. *As to the public ground more than what is contained in the streets will be seen by inspection of the plat.*"

There are eight or nine other triangular spaces at the intersections of streets and alleys similar to the one described; no other spaces not contained in streets, alleys or lots appear on the plat and there are no premises marked "public ground."

In 1848, pursuant to legislation of the council of Ohio City, a building was erected upon the triangular piece of ground in controversy and used with the necessary fire-extinguishing apparatus as appurtenant to the fire department of Ohio City. The council of said Ohio City again, in 1851, authorized the construction of an engine house on said land and the organization and maintenance of a fire company therein. The building was erected, equipped and maintained as part of the fire department of Ohio City until its annexation to the city of Cleveland in 1854. Since said annexation the city of Cleveland has maintained a fire engine house there. In 1858 a brick engine house was built upon said site and in 1869 and again in 1872, the city of Cleveland made additions thereto.

It is admitted that from 1848 down to the present time, Ohio City and its successor, the city of Cleveland, have been in the continuous, exclusive and notorious occupancy of said triangular piece of ground, maintaining thereon a fire-engine house with the necessary equipment, as part of the city fire department.

The city is about to make extensive alterations in said engine house which amount practically to a rebuilding thereof.

Kuhn v. Cleveland (City).

The plaintiff is the owner of a large brick apartment dwelling and business block situated on Abbey street, diagonally opposite from the engine house, and he has filed his petition, claiming that the land upon which the engine house is situated is part of the highway and is public ground; that the engine house is an obstruction thereto, and, therefore, a nuisance, and praying:

"That a temporary restraining order may be allowed by this court restraining defendant from proceeding to contract and expend money for any alteration of and rebuilding of said building on said highway and public ground, and that on the final hearing of this case an order and decree may issue requiring said defendant to abstain from the further obstruction of said highway and public ground, and from the further maintenance upon the same of the said building, and from the use of the same, and that the defendant be further ordered and directed to abate the nuisance thereby occasioned, and to remove from said highway and public ground said building and all obstructions in and about the same or used in connection therewith, and to restore such portion of said highway and public ground so occupied by said building to such condition as will enable said highway and public ground so occupied by said building to be used by this plaintiff and by the public generally as and for highway and public ground, and for such further relief as equity may require."

The city, as one of its defenses, pleads the lapse of time; for over fifty years the general public has acquiesced in its use of this triangular piece of land, and plaintiff himself has acquiesced for at least twenty-five years.

Plaintiff, however, urges that lapse of time will not bar the public; that the city, by the dedication contained in the plat and acceptance thereof, became a trustee of said land under a subsisting and continuing trust for the uses and purposes for which said lands were dedicated; that the city is trustee for all the people of the state and time never runs against the state.

In this view of the case it is material to examine the petition and determine whether plaintiff has brought suit for his own benefit alone or in behalf of the public. Williams v. Presbyterian Soc. 1 Ohio St. 478, 508, 510.

It is true that plaintiff alleges that he requested the city director of law to bring this action and that he refused to do so. But the plaintiff does not allege that upon such refusal he instituted this suit in his own name, *on behalf of the corporation,* as provided in Sec. 1778 Rev. Stat.

This court in the market house case, Herrick v. Cleveland, 4 Circ.

Dec. 684 (7 R. 470), held that compliance with Secs: 1777 and 1778 Rev. Stat. was necessary only when the plaintiff brought his action in behalf of the public generally, and that one who has been damaged in his own property rights by a failure of the city to perform its legal duty or to carry out a trust as to streets, may sue the city to enjoin such continuing injury to him, and to enforce such trust, without first requesting the city solicitor to bring the action, providing the injury to him is different from that done to the public generally. So it seems that the nature of the injuries complained of, whether they affect the plaintiff peculiarly, or the public generally, determine the character of the action.

What are the allegations of the petition in this respect?

First we notice an absence of any allegation that the plaintiff institutes suit in his own name on behalf of the corporation and we find no allegation that plaintiff brings his action in behalf of the public. He does say, however, that "he is and for twenty-five years has been the owner in fee simple of land adjacent to and abutting upon said highway and public ground, which said land of plaintiff is occupied by him with a large brick apartment dwelling and business block, the value and use of which and of *his said land* are greatly and especially enhanced by reason of their abutting upon said highway and public ground, thereby rendering access to, egress and outlook from, and the use of *plaintiff's* said premises more commodious, better and more advantageous; and such public ground and highway, by reason of the fact that by law it is to be, and plaintiff is entitled to have it forever, open and free from buildings, obstructions and all permanent occupancy, *is therefore useful and beneficial to plaintiff and his said land and improvements far exceeding its usefulness and benefit to the public generally,* and for the same reason the possession and occupancy thereof by defendant hereinafter set forth *is especially, peculiarly, and irreparably injurious to plaintiff and his rights and interests far beyond the injury caused to the public generally."*

Describing the engine house plaintiff says:

"The said obstruction and occupancy interferes with the uses of and constantly *diminishes the natural value of plaintiff's said property as aforesaid."*

Denominating the engine house a public nuisance the plaintiff continues:

* * * "except for the relief herein prayed for, *this plaintiff, suffering constant and daily injury to his said property,* wholly irreparable at law, is and would be without remedy unless restrained by this court."

Enough has been quoted from the petition to show that plaintiff has

not sued in behalf of the public, but only for redress of injuries to his private property. The statute runs against him.

"The right to a public easement may be lost by an adverse possession, just as a private right may be. We do not, of course, speak of easements belonging to the state." Williams v. Presbyterian Soc. 1 Ohio St. 478, 510; Cincinnati v. First Presbyterian Church, 8 Ohio 298; Cincinnati v. Evans, 5 Ohio St. 594.

If the statute of limitations runs in favor of the private rights of an individual against the city, we do not see why it does not run in favor of the city against the private rights of an individual. Such is the case here. We are asked to protect private rights and not the rights of the public, and we hold that by the laches of the plaintiff he is barred.

This view of the case makes it unnecessary to determine the meaning of the dedicatory language used on the plat and whether the engine house site was intended to be dedicated as part of the public highway or as public grounds; and if the latter, whether the use of it for fire department purposes is lawful. A careful and exhaustive opinion on this branch of the case was delivered by the learned judge who tried this case in the court below. We concur in his conclusions, but prefer to determine the case upon the grounds stated.